UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BRAD THOMASCIK, derivatively on behalf of
Nominal Defendant PIEDMONT LITHIUM
INC. F/K/A/ PIEDMONT LITHIUM
LIMITED,

                Plaintiff,

    -against-

KEITH D. PHILLIPS, BRUCE CZACHOR,
GREGORY SWAN, JEFFREY ARMSTRONG,
JORGE M. BERISTAIN, TODD HANNIGAN,
IAN MIDDLEMAS, ANASTASIOS ARIMA,
PATRICK H. BRINDLE, CLAUDE DEMBY,
SUSAN JONES and LEVI MOCHKIN,

                Defendants,

    -and-

PIEDMONT LITHIUM INC. F/K/A/
PIEDMONT LITHIUM LIMITED,

                Nominal Defendant.

------------------------------------------------------------x

No. 1:22-cv-03923 (LDH) (PK)

**STIPULATION AND [PROPOSED] ORDER STAYING ACTION**

      Individual Defendants Keith D. Phillips, Bruce Czachor, Gregory Swan, Jeffrey Armstrong, Jorge M. Beristain, Todd Hannigan, Ian Middlemas, Anastasios Arima, Patrick H. Brindle, Claude Demby, Susan Jones, and Levi Mochkin (the "Individual Defendants"), and Nominal Defendant Piedmont Lithium Inc. ("Piedmont," and together with the Individual Defendants, "Defendants") and Plaintiff Brad Thomascik ("Plaintiff," and together with Defendants, the "Parties"), by and through their undersigned counsel of record, submit the following stipulation to stay these proceedings, subject to the approval of the Court.

WHEREAS, on July 5, 2022, Plaintiff filed a Verified Stockholder Derivative Complaint for Breach of Fiduciary Duty (the "Complaint") initiating this stockholder derivative action on behalf of Piedmont against the Individual Defendants (the "Thomascik Action");

WHEREAS, the Thomascik Action involves overlapping parties and arises from similar facts and circumstances as a related federal securities class action, filed on July 23, 2021, and pending before this Court, entitled *In re Piedmont Lithium Inc. Securities Litigation*, No. 21 Civ. 4161 (LDH) (PK) (E.D.N.Y.) (the "Securities Class Action");

WHEREAS, the Thomascik Action also involves overlapping parties and arises from similar facts and circumstances as a stockholder derivative action filed on October 14, 2021, and pending before this Court, entitled *Varbaro v. Phillips*, No. 21 Civ. 5754 (LDH) (PK) (E.D.N.Y.) (the "Varbaro Action");

WHEREAS, on December 16, 2021, the Court in the Varbaro Action entered a Stipulation and Order Staying Action (ECF No. 12); and

WHEREAS, based upon the overlapping parties and similar facts and circumstances pled in the Thomascik Action, the Securities Class Action, and the Varbaro Action, and to avoid the unnecessary expenditure of party and judicial resources, the Parties have agreed, subject to this Court's approval, to temporarily stay proceedings in the Thomascik Action until the resolution of Defendants' motion to dismiss in the Securities Class Action.

THEREFORE, the Parties jointly stipulate that:

1. Defendants agree that their counsel shall be deemed to have accepted service of the Complaint on their behalf in the Thomascik Action as of the date of this Stipulation;

2. All proceedings in the Thomascik Action will be stayed until resolution of Defendants' motion to dismiss in the Securities Class Action, which has been ordered to be fully briefed by October 7, 2022;

3. Any Party may move to terminate the stay of this Action after providing thirty (30) days' written notice to undersigned counsel;

4. Within thirty (30) days after the resolution of the motion to dismiss in the Securities Class Action, the Parties shall meet and confer concerning a schedule governing any further proceedings in the Thomascik Action;

5. All deadlines and hearings will be postponed unless and until the stay is lifted;

6. Notwithstanding the voluntary stay of the Thomascik Action, Plaintiff may file an amended complaint once during the pendency of the stay without leave of Court. Defendants shall not be required to move, answer, plead, or otherwise respond to the Complaint or any amended complaint during the pendency of the stay.

7. Defendants shall promptly notify Plaintiff in the event any factually related stockholder derivative proceedings are initiated, including but not limited to the filing of a summons and complaint on behalf of Piedmont, or if a stockholder makes a demand for inspection of documents, in either case, based on the same or similar set of factual allegations as alleged in the Thomascik Action. In the event that any documents are produced in response to any such stockholder proceeding(s) or demand, Piedmont shall produce the same documents to Plaintiff within ten (10) days of such production, provided Plaintiff has entered into a confidentiality agreement, which will be the same as the confidentiality agreement executed by any stockholder making a demand pursuant to 8 *Del. C.* § 220, such that Plaintiff may use such discovery only for the purpose of litigation or settlement of the Thomascik Action. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery.

8. If a factually related stockholder derivative proceeding is filed and not stayed within sixty (60) days of filing, Plaintiff may terminate the stay of the Thomascik Action by giving

notice to the undersigned counsel for Defendants via email.  Defendants shall then have thirty (30) days from the date of notice to respond to the Complaint or any amended complaint.

9. If a mediation or formal settlement conference is held in an effort to settle the Securities Class Action or any factually related shareholder derivative action or proceeding, undersigned counsel for Defendants shall provide Plaintiff with reasonable advance notice, and the Parties shall discuss in good faith whether Plaintiff should participate in such mediation or conference; and

10. Defendants reserve all rights, including the right to move to dismiss the Thomascik Action, or to seek consolidation of the Thomascik Action and the Varbaro Action.

**IT IS SO STIPULATED**.

Dated: September 15, 2022

POMERANTZ LLP

By : _/s/ Gustavo Bruckner_
   Gustavo Bruckner

   Pomerantz LLP
   600 Third Avenue, 20th Floor
   New York, NY 10016
   Tel.: (212) 661-1100
   Email: gfbruckner@pomlaw.com

   _Attorneys for Plaintiff_

GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Marshall R. King_
   Marshall R. King
   David Salant

   Gibson Dunn & Crutcher LLP
   200 Park Avenue, 47th Floor
   New York, NY 10166
   Tel.: (212) 351-4000
   Email: mking@gibsondunn.com
   Email: dsalant@gibsondunn.com

   _Attorneys for Defendants_

SO ORDERED:

Dated:_____        _____
                                                    The Honorable LaShann DeArcy Hall
                                                    United States District Court Judge